IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **SALVADOR ARELLANO-CAMPOS,** | : | **PRISONER HABEAS CORPUS** |
| | : | **28 U.S.C. § 2254** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION NO.** |
| **TOM GRAMIAK,** | : | **1:15-CV-3959-TWT-AJB** |
| Respondents. | : | |

### UNITED STATES MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Salvador Arellano-Campos, a prisoner in Dooly State Prison in Unadilla, Georgia, has submitted a federal habeas corpus petition that challenges his July 2007 Gwinnett County convictions for rape, [Doc. 1]. Petitioner seeks to proceed without prepaying the $5.00 filing fee, [Doc. 2], and, for the purpose of dismissal, he is **GRANTED** *in forma pauperis* status.

The matter is before the Court for a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Under Rule 4, federal district courts have authority to examine habeas petitions prior to any pleading by the respondent and "to

AO 72A
(Rev.8/82)

dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (internal quotation marks omitted) (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994)).  Exercising its discretion to take judicial notice of its own records, *see United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987), the Court derives much of the background information from Petitioner's previous filings with this Court.

**I.    Discussion**

Petitioner is currently serving a life and concurrent ten-year term of imprisonment based on his July 2007 convictions for two counts of raping his step-daughter. *Arellano-Campos v. State*, 307 Ga. App. 561, 562, 705 S.E.2d 323, 324 (2011).  Petitioner testified at trial that he had consensual sex with the victim when she was sixteen years old and "that they 'got along marvelously.' " *Id*., 307 Ga. App. at 565, 705 S.E.2d at 326-27.  The victim testified that Petitioner "threatened to harm her family if she did not have sex with him" and that she believed his threats because he previously had "beat[en] her with a shovel, beat[en] her little brother repeatedly, and induced her with false promises to travel from Mexico to the United States, where he kept her a virtual prisoner in his apartment." *Id.*  The jury believed the victim. *See id.*

In *Arellano-Campos v. Allen*, No. 1:11-CV-3911-TWT (N.D. Ga. July 24, 2012), Petitioner submitted a federal habeas corpus petition challenging the same 2007 Gwinnett County convictions that he challenges in the instant petition. Pet., *Arellano-Campos*, 1:11-CV-3911. In the prior action, the Court denied relief and dismissed the petition. *See* Order of July 23, 2012, *Arellano-Campos*, 1:11-CV-3911. Petitioner again challenges the same convictions, challenges the fairness of his trial under the Honorable Judge Melodie Connor.[1]

Before filing a second or successive habeas application in district court pursuant to § 2254, a petitioner is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application.

---

[1] Petitioner states the following as an image of how the law worked in his case –

> You know the lady with the scales: The one who stands outside most county courthouses? Slap some handcuffs on that broad's wrists and some tape over her mouth to go along with the blindfold, rape her and roll her in the mud. You like that image? I don't but its [sic] a fair representation of how the law worked in [the] Gwinett [sic] County courtroom.

(Pet. at 15, ECF No. 1). In light of Petitioner's choice of language, the Court points out to Petitioner that Georgia law, O.C.G.A. § 16-10-97(a)(1), criminalizes the use of threatening communication to intimidate a state officer in regard to the past or present discharge of his or her official duties. *Moon v. State*, 199 Ga. App. 94, 96, 404 S.E.2d 273, 276 (1991).

28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over a successive habeas petition" until the court of appeals has granted the Petitioner permission to file one. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997). Absent authorization, a second petition is subject to dismissal as an improper successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-39 (2010) (recognizing that a claim presented in a second or successive habeas corpus application shall be dismissed); *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009).[2]

---

[2]  A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Report and Recommendation ("R&R") provides such notice and opportunity to respond. *Cf. Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (Martin, J., adopting Baverman, M.J.) (noting that R&R served as notice that claims would be *sua sponte* dismissed).

This Report and Recommendation constitutes fair notice to Petitioner that his petition is deemed an improper successive petition. As indicated in the Order for Service filed contemporaneously, Petitioner will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted

4

Because this petition is a successive attack on Petitioner's 2007 Gwinnett County convictions and because Petitioner did not obtain the required authorization to bring another petition, the Court lacks jurisdiction.

## II.   Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

---

objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct.18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and that petitioner's opportunity to file objections provided a reasonable opportunity to respond).

*Damren v. Florida*, 776 F.3d 816, 820 (11th Cir. 2015) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2015)).

The undersigned recommends that a COA should be denied because it is not debatable that this action is successive and that Petitioner lacks authorization to file a successive petition. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that this petition for a writ of habeas corpus, [Doc. 1] be **DISMISSED** for lack of jurisdiction and that a COA be **DENIED**. Petitioner's application to proceed *in forma pauperis*, [Doc. 2] is **GRANTED** for purposes of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

6

AO 72A
(Rev.8/82)

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this 4th day of December, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE